WILLIAM R. BRENSKE, ESQ.
Nevada Bar No. 1806
BRENSKE ANDREEVSKI & KRAMETBAUER
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
Email:  bak@baklawlv.com
*Attorneys for Plaintiffs Carole Bates*
*And Richard Bates*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| CAROLE BATES and RICHARD BATES,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., a Foreign Corporation d/b/a WALMART; DOE PARENT/GUARDIAN 1; DOE MINOR 1; DOES 3 - 10; ROE CORPORATIONS 1 - 10; inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00630-JAD-DJA<br><br>**STIPULATION AND ORDER TO ALLOW PLAINTIFFS TO SUBSTITUTE PREVIOUSLY UNIDENTIFIED DEFENDANTS FOR THE DOE DEFENDANTS** |

On November 22, 2019, Plaintiffs filed their Complaint in the Eighth Judicial District Court for Clark County, Nevada. They alleged claims against Wal-Mart and individuals of unknown identity relating to a slip and fall incident that occurred at a Wal-Mart in Las Vegas, Nevada. At the time they filed their Complaint, Plaintiffs included the yet unidentified Defendants as Doe Defendants.

On April 1, 2020, Defendant Wal-Mart filed a Notice of Removal indicating the amount in controversy exceeded $75,000 and complete diversity existed between the named parties.

On April 7, 2020, upon the request of Plaintiffs' counsel, defense counsel for Wal-Mart provided the names of the Doe Defendants from the incident report that relates to this litigation.

No federal claims were asserted in Plaintiffs' Complaint.

As such, **IT IS HEREBY STIPULATED BETWEEN THE PARTIES** through their respective counsel that Plaintiffs shall be permitted to amend their Complaint to substitute the previously unidentified parties in the place of the Doe Defendants in the United States District Court For The District of Nevada. Plaintiffs proposed Amended Complaint is attached hereto as Exhibit "1".

| DATED this 22nd day of April, 2020. | DATED this 22nd day of April, 2020. |
|---|---|
| /S/ Jennifer Andreevski, Esq. | /S/ Megan E. Wessel, Esq. |
| WILLIAM R. BRENSKE, ESQ.<br>Nevada Bar No. 1806<br>JENNIFER R. ANDREEVSKI, ESQ.<br>Nevada Bar No. 9095<br>RYAN D. KRAMETBAUER, ESQ.<br>Nevada Bar No. 12800<br>BRENSKE ANDREEVSKI & KRAMETBAUER<br>3800 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89169<br>Telephone: (702) 385-3300<br>Facsimile: (702) 385-3823<br>Email: bak@baklawlv.com<br>*Attorneys for Plaintiffs Carole Bates and Richard Bates* | ROBERT K. PHILLIPS, ESQ.<br>Nevada Bar No. 11441<br>MEGAN E. WESSEL, ESQ.<br>Nevada Bar No. 14131<br>PHILLIPS, SPALLAS & ANGSTADT, LLC<br>504 South Ninth Street<br>Las Vegas, Nevada 89101<br>(702) 938-1510<br>(702) 938-1511 (Fax)<br>rphillips@psalaw.net  mwessel@psalaw.net<br>*Attorneys for Defendant Walmart, Inc.* |

IT IS SO ORDERED that Plaintiffs are hereby granted leave to amend their Complaint based on the Stipulation set forth above.

IT IS FURTHER ORDERED that Plaintiffs file and serve the amended complaint (ECF No. 9-1) in accordance with LR 15-1.

IT IS FURTHER ORDERED that the parties' duplicative stipulations ECF No. 5 and ECF No. 8 are DENIED as moot.

DATED this 28th day of April, 2020.

_____
Daniel J. Albregts
United States Magistrate Judge

**COMP**
WILLIAM R. BRENSKE, ESQ.
Nevada Bar No. 1806
JENNIFER R. ANDREEVSKI, ESQ.
Nevada Bar No. 9095
RYAN D. KRAMETBAUER, ESQ.
Nevada Bar No. 12800
BRENSKE ANDREEVSKI & KRAMETBAUER
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
Email:  bak@baklawlv.com
*Attorneys for Plaintiffs Carole Bates*
*And Richard Bates*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CAROLE BATES and RICHARD BATES,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., a Foreign Corporation d/b/a WALMART; SONIA VIDES, individually and as the parent/guardian of the minor child [initials] R.V.; R.V., a minor; CESAR DUBON, individually and as the adult brother/guardian of the minor child R..V; DOES 4 - 10; ROE CORPORATIONS 1 - 10; inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00630-JAD-DJA<br><br>**FIRST AMENDED COMPLAINT**<br><br>Date of Hearing: N/A<br>Time of Hearing: N/A |

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff CAROLE BATES is a resident of Clark County, Nevada.

2. Plaintiff RICHARD BATES is a resident of Clark County, Nevada and the husband to Plaintiff CAROLE BATES.

Page 1 of 8

3. Defendant WALMART INC. is a Foreign Corporation d/b/a WALMART (hereinafter "WALMART"), licensed to do business and actually doing business in Clark County, Nevada at all times relevant to this Complaint.

4. SONIA VIDES is a resident of Clark County, Nevada and the parent/guardian of the minor child [initials] R.V.

5. R.V. is a resident of Clark County, Nevada and is the minor child of SONIA VIDES. R.V. was under the supervision and/or control of SONIA VIDES and/or CESAR DUBON at all times relevant hereto.

6. CESAR DUBON is a resident of Clark County, Nevada and the brother/guardian of the minor child R.V.

7. Defendants DOES 4 - 5 and ROE CORPORATIONS 1 - 5 are individuals, associations, corporations, partnerships, and/or other entities that are owners, controllers, and/or partners in association with Defendant WALMART and/or SONIA VIDES and/or R.V. and/or CESAR DUBON, and may have in some way caused or contributed to Plaintiff's damages as alleged herein. The true names and/or capacities of DOES 3 - 5 and ROE CORPORATIONS 1 - 5 are unknown to Plaintiff. Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of DOES 3 - 5 and/or ROE CORPORATIONS 1 - 5 when they are ascertained.

8. Defendants DOES 6 - 10 and ROE CORPORATIONS 6 - 10 are individuals, associations, corporations, partnerships, and/or other entities that are owners, controllers, and/or partners that may have in some way caused or contributed to Plaintiff's damages as alleged herein. The true names and/or capacities of DOES 6 - 10 and ROE CORPORATIONS 6 - 10 are unknown to Plaintiff. Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities of DOES 6 - 10 and ROE CORPORATIONS 6 - 10 when they are ascertained.

9.     Defendants are agents, servants, employees, employers, trade venturers, and/or partners of each other.  At the time of the events described in this Complaint, Defendants were acting within the color, purpose and scope of their relationships, and by reason of their relationships, Defendants may be jointly and severally and/or vicariously responsible and liable for the acts and omissions of their Co-Defendants.

**GENERAL ALLEGATIONS**

10.     On or about November 24, 2017, Plaintiff CAROLE BATES was lawfully on the premises of Defendant WALMART, located near IR-215 and North Decatur Blvd, in Clark County, Nevada.

11.     On the day in question, R.V. was under the control and/or supervision of SONIA VIDES and/or CESAR DUBON and/or DOES 4-10.

12.     The R.V. willfully and/or negligently caused Plaintiff CAROLE BATES to fall backwards to the floor with a WALMART shopping cart.  As a result of the incident, Plaintiff CAROLE BATES was seriously injured.

**FIRST CAUSE OF ACTION**
(*Negligence/Negligence per se* – WALMART)

13.     Plaintiffs repeat and re-allege Paragraphs 1-12 of this Complaint as though fully set forth herein.

14.     It was the duty of Defendant(s) to use ordinary care and diligence to design, build, keep, control, inspect, repair, and maintain the premises in a condition reasonably safe for its intended use and free from all defects and conditions which would render it dangerous and unsafe for Plaintiff and/or present an unreasonable risk of harm to her.

15.     Defendant(s) failed to use reasonable care in the design, construction, inspection, maintenance, upkeep, control, repairing, and/or maintenance of the premises, rendering the premises unreasonably dangerous.

16. The unreasonably dangerous condition, under the exercise of reasonable care should have been known to Defendants in adequate time for a reasonably prudent person to warn of or make safe the condition. Defendants negligently failed and neglected to take any action to warn Plaintiff or to make the condition safe.

17. As a proximate result of the aforementioned negligence of Defendants, Plaintiff suffered injuries which required and may continue to require medical attention and services all to her continuing expense and damage in an amount in excess of $15,000.00.

18. As a further proximate result of the aforementioned negligence of Defendants, Plaintiff incurred and may continue to incur pain, suffering, and anguish all to her general damage in an amount in excess of $15,000.00.

19. As a further proximate result of the aforementioned negligence of Defendants, Plaintiff suffered, and may continue to suffer, lost wages in an amount in excess of $15,000.00.

20. As a further proximate result of the aforementioned negligence of Defendants Plaintiff, suffered and may continue to suffer, disability all to her continuing damage in an amount in excess of $15,000.00.

21. As a further and proximate result of the aforementioned negligence of Defendants, Plaintiff has been forced to hire counsel to prosecute this action and has incurred and will continue to incur attorney's fees and court costs in an amount to be proven at or after trial.

**SECOND CAUSE OF ACTION**
(*Vicarious Liability* – WALMART)

22. Plaintiffs repeat and re-allege paragraphs 1 - 21 of this Complaint as though fully set forth herein.

23. On or prior to November 24, 2017, an employee, servant, agent, partner, and/or associate of Defendant(s) maintained the area where Plaintiff was injured.

24. Defendant(s)' employee, servant, agent, partner, and/or associate was acting within the course and scope of his/her employment with his/her co-Defendants at the time of the negligent acts alleged in this Complaint.

25. Because the employee was acting within the course and scope of his/her employment with his co-Defendants at the time of the negligent acts alleged in this Complaint, Defendants are vicariously liable for the negligent actions of the employee, servant, agent, partner, and/or associate.

### THIRD CAUSE OF ACTION
(*Negligence* – SONIA VIDES and/or CESAR DUBON)

26. Plaintiffs repeat and re-allege paragraphs 1-25 of this Complaint as though fully set forth herein.

27. On November 24, 2017, Defendant SONIA VIDES and/or CESAR DUBON and/or DOES 4-10 carelessly, negligently, and/or recklessly failed to reasonably control the minor child R.V., causing and/or allowing R.V. to cause Plaintiff CAROLE BATES to fall to the floor with a WALMART shopping cart, thus causing injury and damages to Plaintiffs.

28. Defendant SONIA VIDES and/or CESAR DUBON and/or DOES 4-10 breached his/her duties owed to Plaintiffs by his/her negligence, carelessness, lack of due care and prudence when failing to reasonably control the minor child R.V., causing and/or allowing R.V. to cause Plaintiff CAROLE BATES to fall to the floor with a WALMART shopping cart, thus causing injury and damages to Plaintiffs.

29. As a direct and proximate result of Defendants' negligence, Plaintiff incurred and may continue to incur physical and emotional injuries, some of which may be permanent and disabling, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

30. As a further direct and proximate result Defendants' negligence, Plaintiff required and may continue require medical care in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

31. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred and may continue to incur lost wages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered and may continue to suffer pain and anguish in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

33. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred and will continue to incur attorneys' fees and court costs in an amount which will be proven at trial.

**FOURTH CAUSE OF ACTION**
(*NRS 41.470: Imposition of Liability for Minor's Willful Misconduct* – SONIA VIDES and/or CESAR DUBON)

34. Plaintiffs repeat and re-allege paragraphs 1 - 33 of this Complaint as though fully set forth herein.

35. The willful misconduct of the subject minor resulted in injury to Plaintiff.

36. SONIA VIDES and/or CESAR DUBON was the parent or guardian having custody and control of the subject minor R.V.

37. As a result of the subject minor's willful misconduct, SONIA VIDES and/or CESAR DUBON is liable for all damages resulting from the subject minor's willful misconduct.

**FIFTH CAUSE OF ACTION**
(*Negligence* – R.V.)

38. Plaintiffs repeat and re-allege paragraphs 1-37 of this Complaint as though fully set forth herein.

39. On November 24, 2017, Defendant R.V. carelessly, negligently, and/or recklessly caused Plaintiff CAROLE BATES to fall to the ground with a WALMART shopping cart, causing injury and damages to Plaintiffs.

40. Defendant R.V. 1 breached his/her duties owed to Plaintiffs by his/her negligence, carelessness, lack of due care and prudence when causing Plaintiff CAROLE BATES to fall to the ground with a WALMART shopping cart, causing injury and damages to Plaintiffs.

41. As a direct and proximate result of Defendants' negligence, Plaintiff incurred and may continue to incur physical and emotional injuries, some of which may be permanent and disabling, in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

42. As a further direct and proximate result Defendants' negligence, Plaintiff required and may continue require medical care in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

43. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred and may continue to incur lost wages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

44. As a further direct and proximate result of Defendants' negligence, Plaintiff suffered and may continue to suffer pain and anguish in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

45. As a further direct and proximate result of Defendants' negligence, Plaintiff incurred and will continue to incur attorneys' fees and court costs in an amount which will be proven at trial.

### SIXTH CAUSE OF ACTION
(*Loss of Consortium*)

46. Plaintiffs repeat and re-allege paragraphs 1- 45 of this Complaint as though fully set forth herein.

47. Plaintiff RICHARD BATES is married to Plaintiff CAROLE BATES and because of her injuries, RICHARD BATES has endured, and continues to endure, the loss of love, affection and society this incident has put on his marriage and is seeking a loss of consortium claim.

**WHEREFORE** Plaintiffs pray for Judgment against Defendants for their First, Second, Third, Fourth, Fifth and Sixth Causes of Action as follows:

1. For special damages in an amount in excess of $15,000.00.

2. For general damages in an amount in excess of $15,000.00.

3. For attorney's fees and litigation costs in an amount to be proven at or after trial.

4. For other such further relief this Court may deem just and proper.

DATED this 23rd day of April 2020.

/S/ Jennifer Andreevski, Esq.
_____
WILLIAM R. BRENSKE, ESQ.
Nevada Bar No. 1806
JENNIFER R. ANDREEVSKI, ESQ.
Nevada Bar No. 9095
RYAN D. KRAMETBAUER, ESQ.
Nevada Bar No. 12800
BRENSKE & ANDREEVSKI
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (702) 385-3300
Facsimile: (702) 385-3823
Email: bak@baklawlv.com
*Attorneys for Plaintiffs Carole Bates
and Richard Bates*